David E. Lovejoy (CSB No. 055283)
102 Reed Ranch Road
TIBURON, CA 94920-2025
   TEL:      415-435-8203
   FAX:     415-435-8857
   e-MAIL:  david.lovejoy@sbcglobal.net
Attorney Pro Se

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. Phillips Corporation<br>Plaintiff,<br><br>v.<br><br>Pantech Wireless, Inc.<br>Defendant. | CASE NO.: NO. CV 08-80026 JSW (EDL)<br><br>Date: April 15, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom E, 450 Golden Gate Ave,<br>    San Francisco, CA<br><br>LOVEJOY'S OPPOSITION To Pantech Wireless,<br>Inc.'s MOTION TO COMPEL |

<u>ISSUES TO BE DECIDED</u>

**1.** Whether Defendant Pantech Wireless' MOTION TO COMPEL must be denied because Lovejoy has already fully compiled with the Subpoena sought to be enforced by the MOTION TO COMPEL, to wit,

    1.1.   Lovejoy appeared at the place, date and time set forth in the Subpoena for Lovejoy's deposition and attorney for Defendant Pantech Wireless failed to appear to take Lovejoy's deposition.

    1.2.   Lovejoy does not have, and has not had at anytime since long before the Subpoena was served, any documents specified in the Subpoena.

2. Whether Defendant Pantech Wireless' MOTION TO COMPEL must be denied because the court lacks jurisdiction over the MOTION TO COMPEL since the proceeding in the originating court in U.S. Phillips Corporation v. Pantech Wireless, Inc. previously pending in the United States District Court For The Eastern District Of Pennsylvania, Case 2:06-cv-04583-NS ("Pennsylvania Case") was terminated by transfer to another court prior to the MOTION TO COMPEL.

3. Whether Defendant Pantech Wireless' MOTION TO COMPEL must be denied because no reasonable notice was provided to Lovejoy to Meet And Confer prior to filing of the MOTION TO COMPEL.

STATEMENT OF FACTS

4. The Subpoena (see EXHIBIT 2, MOTION TO COMPEL OF PANTECH WIRELESS, INC,) based upon the Pennsylvania Case, set dates requiring Lovejoy to produce Documents on 19 Feb 2008 and requiring a Lovejoy Deposition on 26 Feb 2008.

5. Lovejoy is not an attorney for any party in connection with the Pennsylvania Case or any related or transferred case and Lovejoy is not authorized to act as an attorney for Lovejoy's former client, owner of U.S. Patent 4,698,672 or successor's thereto. (Lovejoy Declaration ¶1)

6. Lovejoy produced no documents because Lovejoy does not have, and has not had at anytime since long before the Subpoena was served, any Documents specified in the Subpoena. (Lovejoy Declaration ¶2)

7. Lovejoy traveled to and appeared on 26 Feb 2008 at 9:30 AM for Deposition on the date, at the time and location stated in the Subpoena, the offices of Fish & Richardson in Redwood City, CA. (Lovejoy Declaration ¶3)

8. When Lovejoy arrived for the Deposition at the offices of Fish & Richardson in Redwood City, CA on 26 Feb 2008 at 9:30 AM, Lovejoy was informed that no preparation for Lovejoy's Deposition had been made and according to the Fish & Richardson receptionist, apparently no deposition would or could be taken. (Lovejoy Declaration ¶4)

**9.** Since no preparation for Lovejoy's Deposition had been made, Lovejoy left Lovejoy's cell phone number with the receptionist at Fish & Richardson, Lovejoy left the offices of Fish & Richardson with a request that Lovejoy be called on Lovejoy's cell phone with an explanation as to what was happening and Lovejoy traveled to a nearby hotel (Hilton) to await such a telephone call. (Lovejoy Declaration ¶5)

**10.** Lovejoy did not receive the requested telephone call at any time on 26 Feb 2008 with any explanation as to why Fish & Richardson failed to appear to take Lovejoy's Deposition as ordered by the Subpoena. (Lovejoy Declaration ¶6)

**11.** Lovejoy received no prior notification of any kind that the date, time or the location of the Deposition ordered by the Subpoena was to be changed. (Lovejoy Declaration ¶7)

**12.** Lovejoy upon returning to his office after close of business late in the evening of February 27, 2008, received a letter dated February 26, 2008 signed by Michael Forman from Fish & Richardson and such letter stated:

> "Please contact Christopher Dillon by the close of business tomorrow, Wednesday, February 27, 2008, if you are willing to work with us to resolve both the document production and deposition. Absent your response we will file a motion to compel." (Lovejoy Declaration ¶8)

**13.** On 28th day of February, 2008, judge Norma L. Shapiro, S.J., signed the order transferring the Pennsylvania Case [U.S. Phillips Corporation v. Pantech Wireless, Inc. (Case 2:06-cv-04583-NS)] to New York and such order stated, among other things,

> "2. This action and all outstanding motions, including plaintiff's Markman petition (paper no. 37), defendant's Markman petition (paper no. 38), and plaintiff's motion for leave to amend complaint (paper no. 64), are TRANSFERRED FORTHWITH … " (Lovejoy Declaration ¶9)

**14.** The MOTION TO COMPEL was filed on the 29th day of February, 2008, and was not outstanding on the 28th day of February, 2008. (Lovejoy Declaration ¶10)

**15.** Lovejoy in prior litigation *In re Compression Labs, Inc., Patent Litigation* (M:05-cv-01654-JF) involving U.S. Patent 4,698,672 was requested to produce documents and to give testi-

1  mony like that requested in this case. Lovejoy had no documents to produce in that case and

2  owner's of U.S. Patent 4,698,672 were represented by counsel, not Lovejoy, to protect the in-

3  terest of Lovejoy's prior client. (Lovejoy Declaration ¶11).

4  **16.** Lovejoy objected to the Subpoena for the following reasons:

5  "1.    Relate to privileged or other protected matter,

6  2.    If in the public domain, place an undue burden on me since they could be

7  obtained by you other than burdening me with obligations,

8  3.    Are trade secrets personal to me and to which you have no right."

9  (Lovejoy Declaration ¶12)

10  **17.** Lovejoy estimated that Lovejoy's reasonable expenses in connection with the Subpoena

11  would be at least $59,500. (Lovejoy Declaration ¶13)

12  ARGUMENT

13  Full Compliance

14  **18.** The Subpoena required production of documents; but since Lovejoy did not and does not have

15  such documents(Lovejoy Declaration ¶2), the MOTION TO COMPEL production of docu-

16  ments is pointless and should be denied. The Subpoena required Lovejoy to appear for a

17  deposition and Lovejoy appeared; but Fish & Richardson, attorneys' for Defendant Pantech

18  Wireless, failed to appear to take Lovejoy's deposition(Lovejoy Declaration ¶¶4,5). Lovejoy

19  has fully complied with the Subpoena and hence the MOTION TO COMPEL should be de-

20  nied.

21  **19.** If Defendant Pantech Wireless had wished to inquire as to why no documents were produced

22  (to wit, because Lovejoy did not have such documents), then the appropriate time and place

23  for the inquiry was at the deposition at which Fish & Richardson, attorneys' for Defendant

24  Pantech Wireless, failed to appear.

25  Lack Of Jurisdiction

26  **20.** The order transferring the Pennsylvania Case was dated February 28, 2008 and by its terms

27  only transferred "motions outstanding" as of that date(Lovejoy Declaration ¶9). The MO-

28  TION TO COMPEL in this case was filed on the 29th day of February, 2008, and was not

1   outstanding on the 28th day of February, 2008(Lovejoy Declaration ¶10). Accordingly, the

2   MOTION TO COMPEL was not timely filed before jurisdiction based upon the Pennsylvania

3   Case was lost.

4   Lovejoy's Objections To The Subpoena.

5   **21.** Lovejoy objected(Lovejoy Declaration ¶12) to the Subpoena as follows:

6          1.      Relate to privileged or other protected matter,

7          2.      If in the public domain, place an undue burden on me since they could be

8   obtained by you other than burdening me with obligations,

9          3.      Are trade secrets personal to me and to which you have no right."

10  **22.** Lovejoy is not an attorney for any party in the U.S. Phillips Corporation v. Pantech Wireless,

11  Inc. action and Lovejoy is not authorized to act as an attorney for Lovejoy's former client,

12  owner of U.S. Patent 4,698,672 or successor's thereto(Lovejoy Declaration ¶1).

13  **23.** Defendant Pantech Wireless is seeking inquiry from Lovejoy into the private files and related

14  information that would be attorney-client or otherwise privileged to Lovejoy's former client

15  or successor's thereto. Accordingly, Lovejoy, besides having no such files, could not act with

16  respect to those files or information because Lovejoy is not an attorney authorized to act on

17  behalf of Lovejoy's former client or successor's thereto.

18  **24.** The rights and obligations relating to those private files or related information sought by the

19  Subpoena belong to Lovejoy's former client or successor's thereto. Those private files or re-

20  lated information could be subject to a secrecy order, a court order or otherwise be burdened

21  with obligations unknown to Lovejoy. Lovejoy does not have the knowledge, authority or ca-

22  pacity to act on behalf of Lovejoy's former client or successor's thereto in response to the

23  Subpoena.

24  **25.** Lovejoy does not know with certainty the present owner of U.S. Patent 4,698,672 and hence

25  Lovejoy does not know the entity or entities that have the rights and obligations relating to

26  those private files or related information sought by the Subpoena(Lovejoy Declaration ¶14).

27  **26.** Lovejoy identified the estimated costs(Lovejoy Declaration ¶13) which would be incurred

28  before Lovejoy could comply with the Subpoena as follows:

26.1. An agreement entered into between Lovejoy's former client and Lovejoy providing authorization and consent for Lovejoy to give a deposition together with waiver and indemnification to Lovejoy regarding any Lovejoy testimony. A formal agreement is required and must be reviewed by Lovejoy and Lovejoy's attorney. Estimated Cost for Lovejoy's time and Lovejoy's attorney's time to draft and negotiate such an agreement is $12,000. Lovejoy expects that Lovejoy's former client will similarly charge Fish & Richardson if Lovejoy's former client is even willing to enter into such an agreement.

26.2. A trade secret agreement will be necessary between Fish & Richardson and Lovejoy and any person having access to Lovejoy's deposition with waiver and indemnification to Lovejoy regarding any testimony Lovejoy might give. Estimated Cost for Lovejoy's time and Lovejoy's attorney's time to draft and negotiate such an agreement is $12,000.

26.3. Reimbursement to Lovejoy in the amount of $8500 for the lost time involved in Fish & Richardson's failure to appear at Lovejoy's noticed deposition.

26.4. Attendance at Lovejoy's deposition by Lovejoy's attorney representing Lovejoy and including prior review of materials and issues that might arise. Estimated cost is $10,000.

26.5. Review by Lovejoy of any prior testimony that Lovejoy deems relevant. Estimated amount $5000.

26.6. A blanket engagement agreement between Fish & Richardson and Lovejoy coordinating all of the above matters. Estimated Cost for Lovejoy's time and Lovejoy's attorney's time to draft and negotiate such an agreement is $12,000.

26.7. An attorney at Lovejoy's deposition representing the interest of the owner of U.S. Pat. No. 4,698,672 to be paid directly by Fish & Richardson.

26.8. A representation that Lovejoy will not be required to answer any question not necessary as a matter of law.

26.9. Any dispute arising from Lovejoy's deposition requiring further legal action shall be paid for by Fish & Richardson.

<u>Fish & Richardson Failed To Meet And Confer</u>

**27.** Fish & Richardson attorney Michael Forman delivered what might be considered a Meet and Confer request by letter dated February 26, 2008 requiring Lovejoy to respond by end of business February 27, 2008. The time given for Lovejoy to respond expired before in fact Lovejoy actually received the request(Lovejoy Declaration ¶16). Clearly, such actions by Fish & Richardson are not a reasonable attempt to Meet and Confer.

**28.** Fish & Richardson failed to Meet And Confer prior to filing the MOTION TO COMPEL because Fish & Richardson had no time left to act reasonably to Meet And Confer, to wit,

    28.1. Fish & Richardson attorney Michael Forman withdrew from the Pennsylvania Case on February 25, 2008(Lovejoy Declaration ¶17).

    28.2. Fish & Richardson attorney Michael Forman left the Fish & Richardson firm February 29, 2008(Lovejoy Declaration ¶18).

    28.3. Fact discovery was scheduled to close in the Pennsylvania Case on the 29th of February 2008(Lovejoy Declaration ¶19).

    28.4. The order transferring the Pennsylvania Case to New York was signed on the 28th of February, 2008(Lovejoy Declaration ¶9).

**29.** Regardless as to the reasons why Fish & Richardson failed to attend the Lovejoy deposition on 26 February 2008 and why Fish & Richardson failed to Meet And Confer prior to filing the MOTION TO COMPEL, the reasons do not excuse Fish & Richardson's obligations to Meet And Confer and to appear at the Lovejoy deposition at the place, date and time set forth in the Subpoena by Fish & Richardson attorney Michael Forman.


Dated: <u>March 24, 2008</u>

                By:    /S/ David E. Lovejoy

                      David E. Lovejoy

                      Attorney Pro Se

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

{LOVEJOY DECLARATION including EXHIBIT A through EXHIBIT E follow}

David E. Lovejoy (CSB No. 055283)
102 Reed Ranch Road
TIBURON, CA 94920-2025
   TEL:     415-435-8203
   FAX:    415-435-8857
   e-MAIL:  david.lovejoy@sbcglobal.net
Attorney Pro Se

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. Phillips Corporation<br>Plaintiff,<br><br>    v.<br><br><br>Pantech Wireless, Inc.<br>Defendant. | CASE NO.: NO. CV 08-80026 JSW (EDL)<br><br>Date: April 15, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom E, 450 Golden Gate Ave,<br>    San Francisco, CA<br><br>LOVEJOY DECLARATION IN SUPPORT OF OPPO-<br>SITION TO MOTION TO COMPEL |

## LOVEJOY DECLARATION

1. Lovejoy is not an attorney for any party in connection with the Pennsylvania Case (U.S. Phillips Corporation v. Pantech Wireless, Inc. previously pending in the United States District Court For The Eastern District Of Pennsylvania, Case 2:06-cv-04583-NS) or any related or transferred case and Lovejoy is not authorized to act as an attorney for Lovejoy's former client, owner of U.S. Patent 4,698,672 or successor's thereto.

2. Lovejoy produced no documents because Lovejoy does not have, and has not had at anytime since long before the Subpoena was served, any Documents specified in the Subpoena.

LOVEJOY

3. Lovejoy traveled to and appeared on 26 Feb 2008 at 9:30 AM for Deposition on the date, at the time and location stated in the Subpoena, the offices of Fish & Richardson in Redwood City, CA.

4. When Lovejoy arrived for the Deposition at the offices of Fish & Richardson in Redwood City, CA on 26 Feb 2008 at 9:30 AM, Lovejoy was informed that no preparation for Lovejoy's Deposition had been made and according to the Fish & Richardson receptionist, apparently no deposition would or could be taken.

5. Since no preparation for Lovejoy's Deposition had been made, Lovejoy left Lovejoy's cell phone number with the receptionist at Fish & Richardson, Lovejoy left the offices of Fish & Richardson with a request that Lovejoy be called on Lovejoy's cell phone with an explanation as to what was happening and Lovejoy traveled to a nearby hotel (Hilton) to await such a telephone call.

6. Lovejoy did not receive the requested telephone call at any time on 26 Feb 2008 with any explanation as to why Fish & Richardson failed to appear to take Lovejoy's Deposition as ordered by the Subpoena.

7. Lovejoy received no prior notification of any kind that the date, time or the location of the Deposition ordered by the Subpoena was to be changed.

8. Lovejoy upon returning to his office after close of business late in the evening of February 27, 2008, received a letter[1] dated February 26, 2008 signed by Michael Forman from Fish & Richardson and such letter stated:

> "Please contact Christopher Dillon by the close of business tomorrow, Wednesday, February 27, 2008, if you are willing to work with us to resolve both the document production and deposition. Absent your response we will file a motion to compel."

9. On 28th day of February, 2008, judge Norma L. Shapiro, S.J., signed the order transferring the Pennsylvania Case [U.S. Phillips Corporation v. Pantech Wireless, Inc. (Case 2:06-cv-04583-NS)] to New York and such order stated, among other things,

> "2. This action and all outstanding motions, including plaintiff's Markman petition

---

[1] DECLARATION OF MICHAEL S. FOREMAN, EXHIBIT 8

1    (paper no. 37), defendant's Markman petition (paper no. 38), and plaintiff's mo-

2    tion for leave to amend complaint (paper no. 64), are TRANSFERRED FORTH-

3    WITH … "

4    Attached as *EXHIBIT A* is a true copy of the order of transfer for Case 2:06-cv-

5    04583-NS, Document 75, Filed 02/29/2008 as down-loaded from the court web

6    site.

7    **10.** The MOTION TO COMPEL was filed on the 29th day of February, 2008, and was not out-

8    standing on the 28th day of February, 2008. Attached as *EXHIBIT B* is a true copy of the case

9    notice of filling Case 3:08-mc-80026-JSW, Document 1, Filed 02/29/2008 as down-loaded

10    from the court web site.

11    **11.** Lovejoy in prior litigation *In re Compression Labs, Inc., Patent Litigation* (M:05-cv-01654-

12    JF) involving U.S. Patent 4,698,672 was requested to produce documents and to give testi-

13    mony like that requested in this case. Lovejoy had no documents to produce in that case and

14    owner's of U.S. Patent 4,698,672 were represented by counsel, not Lovejoy, to protect the in-

15    terest of Lovejoy's prior client or successor's thereto.

16    **12.** Lovejoy objected[2] to the Subpoena for the following reasons:

17    "1.    Relate to privileged or other protected matter,

18    2.    If in the public domain, place an undue burden on me since they could be

19    obtained by you other than burdening me with obligations,

20    3.    Are trade secrets personal to me and to which you have no right."

21    **13.** Lovejoy originally provided an estimate[3] that Lovejoy's reasonable expenses in connection

22    with the Subpoena would be at least $40,000 and subsequently provided a revised itemized

23    estimate of $59,500. Attached as *EXHIBIT C* is a true copy of the Lovejoy to Dillon e-mail

24    dated 18 March 2008, 4:52 PM.

25

26

27

28    _____
[2] DECLARATION OF MICHAEL S. FOREMAN, EXHIBIT 7
[3] DECLARATION OF MICHAEL S. FOREMAN, EXHIBIT 1

**14.** Lovejoy does not know with certainty the present owner of U.S. Patent 4,698,672 and hence Lovejoy does not know the entity or entities that have the rights and obligations relating to those private files or related information sought by the Subpoena.

**15.** Lovejoy identified in *EXHIBIT C* the estimated costs which would be incurred before Lovejoy could comply with the Subpoena as follows:

15.1.   An agreement entered into between Lovejoy's former client and Lovejoy providing authorization and consent for Lovejoy to give a deposition together with waiver and indemnification to Lovejoy regarding any testimony Lovejoy might give. A formal agreement is required and must be reviewed by Lovejoy and Lovejoy's attorney. Estimated Cost for Lovejoy's time and Lovejoy's attorney's time to draft and negotiate such an agreement is $12,000. Lovejoy expects that Lovejoy's former client will similarly charge Fish & Richardson if Lovejoy's former client is even willing to enter into such an agreement.

15.2.   A trade secret agreement will be necessary between Fish & Richardson and Lovejoy and any person having access to Lovejoy's deposition with waiver and indemnification to Lovejoy regarding any testimony Lovejoy might give. Estimated Cost for Lovejoy's time and Lovejoy's attorney's time to draft and negotiate such an agreement is $12,000.

15.3.   Reimbursement to Lovejoy in the amount of $8500 for the lost time involved in Fish & Richardson's failure to appear at Lovejoy's noticed deposition.

15.4.   Attendance at Lovejoy's deposition by Lovejoy's attorney representing Lovejoy and prior review of materials and issues that might arise. Estimated cost is $10,000.

15.5.   Review by Lovejoy of any prior testimony that Lovejoy deems relevant. Estimated amount $5000.

15.6.   A blanket engagement agreement between Fish & Richardson and Lovejoy coordinating all of the above matters. Estimated Cost for Lovejoy's time and Lovejoy's attorney's time to draft and negotiate such an agreement is $12,000.

15.7.   An attorney at Lovejoy's deposition representing the interest of the owner of U.S. Pat. No. 4,698,672 and to be paid directly by Fish & Richardson.

15.8.    A representation that Lovejoy will not be required to answer any question not necessary as a matter of law.

15.9.    Any dispute arising from Lovejoy's deposition requiring further legal action shall be paid for by Fish & Richardson.

**16.** Fish & Richardson attorney Michael Forman delivered what might be considered a Meet and Confer request by letter[4] dated February 26, 2008 requiring Lovejoy to respond by end of business February 27, 2008. The time given for Lovejoy to respond expired before in fact Lovejoy actually received the request.

**17.** Fish & Richardson attorney Michael Forman withdrew from the Pennsylvania Case on February 25, 2008. Attached as *EXHIBIT D* is a true copy of the WITHDRAWAL OF APPEARANCE for Case 2:06-cv-04583-NS, Document 71, Filed 02/25/2008 as down-loaded from the court web site.

**18.** Fish & Richardson attorney Michael Forman's last day[5] at Fish & Richardson was February 29, 2008.

**19.** Fact discovery was scheduled to close in the Pennsylvania Case on the 29th of February 2008. Attached as *EXHIBIT E* is a true copy of the ORDER for Case 2:06-cv-04583-NS, Document 62, Filed 12/11/2007 as down-loaded from the court web site.

I, David E. Lovejoy ("Lovejoy"), declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of March 2008.

By:    /S/ David E. Lovejoy

David E. Lovejoy

Attorney Pro Se

*******************************************

{LOVEJOY DECLARATION, EXHIBIT A through EXHIBIT E follow}

---

[4] DECLARATION OF MICHAEL S. FOREMAN, EXHIBIT 8
[5] DECLARATION OF MICHAEL S. FOREMAN, ¶ 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. PHILIPS CORPORATION | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PANTECH WIRELESS, INC. | : | NO. 06-4583 |

## ORDER

**AND NOW**, this 28th day of February, 2008, upon consideration of defendant's unopposed motion to transfer (paper no. 66), it appearing that:

a.   On February 22, 2006, plaintiff U.S. Philips Corporation ("Philips") filed Civil Action No. 06-1402 (S.D.N.Y.) against LG Electronics, Inc., in the United States District Court for the Southern District of New York.  Philips alleged LG Electronics, Inc., infringed United States Patent No. 4,901,075 ("'075 patent") through its sale of camera phones that encode images.  A Markman hearing regarding claim construction of the '075 patent was held.

b.   On October 13, 2006, Philips filed the present action alleging defendant Pantech Wireless, Inc. ("Pantech") infringed the '075 patent through its sale of camera phones that encode images.  This court held a Markman hearing regarding claim construction of the '075 patent.  A claim construction decision has not yet been filed.

c.   Philips has retained the same counsel for the present action and for Civil Action No. 06-1402 (S.D.N.Y.).  The same counsel has been retained to represent Pantech in the present action and LG Electronics, Inc., in Civil Action No. 06-1402 (S.D.N.Y.).

d.   Under 28 U.S.C § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In determining whether to transfer an action to another venue, the court considers: (1) the plaintiff's forum preference; (2) the defendants' preference; (3) the relative physical and financial condition of the parties; (4) the convenience of the witnesses; (5) the location of books and records; (6) the enforceability of the judgment; (7) expense or efficiency; (8) relative court congestion; (9) interest in deciding local controversies at home; and (10) the public policies of the fora.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

e.   The parties' forum preferences favor transfer: Pantech prefers to litigate this action in the Southern District of New York, and Philips consents to the transfer.

Transfer would conserve judicial resources because Philips alleges infringement of the '075 patent in both this action and in Civil Action No. 06-1402 (S.D.N.Y.), and substantially the same considerations apply in construing the '075 patent in both actions. It would be more efficient to transfer this action than to require two judges to decide the same issues but potentially reach different claim construction decisions. The <u>Jumara</u> factors weigh in favor of transfer to the Southern District of New York.

f.      This action might have been brought in the United States District Court for the Southern District of New York, where there is federal question jurisdiction over Philips's patent claims under 28 U.S.C. § 1331. The United States District Court for the Southern District of New York has personal jurisdiction over Philips, which has its primary place of business in New York, and over Pantech, which concedes personal jurisdiction because of its sale of the allegedly infringing products in New York. (Def.'s Mem. in Supp. of Mot. to Transfer 6.) Venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c).

It is therefore **ORDERED** that:

1.      Defendant's unopposed motion to transfer (paper no. 66) is **GRANTED**.

2.      This action and all outstanding motions, including plaintiff's <u>Markman</u> petition (paper no. 37), defendant's <u>Markman</u> petition (paper no. 38), and plaintiff's motion for leave to amend complaint (paper no. 64), are **TRANSFERRED FORTHWITH** under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of New York, where it could have been brought.


                                        /s/ Norma L. Shapiro
                                        Norma L. Shapiro, S.J.

2

**Full docket text for document 1:**
MOTION to Compel filed by Pantech Wireless, Inc.. (ga, COURT STAFF) (Filed on 2/29/2008)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/23/2008 18:02:15 | | | |
| **PACER Login:** | dl1216 | **Client Code:** | PANT |
| **Description:** | History/Documents | **Search Criteria:** | 3:08-mc-80026-JSW |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**David E. Lovejoy**
_____

**From:**    David E. Lovejoy [david.lovejoy@sbcglobal.net]
**Sent:**    Tuesday, March 18, 2008 4:52 PM
**To:**    'Christopher Dillon'
**Subject:** Pantech

Mr. Dillon,
You are wrong in your e-mail below where you state that "At the time we moved to compel documents, we were unaware that you no longer retained the documents we seek."

Long before your Motion To Compel, I orally communicated to Fish & Richardson that I had no documents to produce. Subsequently, in my letter to Fish & Richardson dated February 27, 2008, I clearly stated:

***********************
5. "I have no Documents requiring to be produced in the Subpoena."
***********************

Whatever the confusion of Fish & Richardson, there is no doubt about the meaning of "I have no Documents requiring to be produced in the Subpoena." I sent the letter the very same evening that I received the Fish & Richardson letter in which Fish & Richardson set a deadline for me to telephone concerning a Fish & Richardson Motion To Compel. The deadline set by Fish & Richardson for me to telephone expired before I actually received the Fish & Richardson letter. Clearly, such a deadline does not comply with the local rule "Meat and Confer" requirements. I sent my response in writing the very same evening I received the letter from Fish & Richardson and there is no doubt that Fish & Richardson was in possession of my letter before filing the Motion To Compel.

Your e-mail below of March 18, 2008 6:41 AM misrepresents the above facts.

Your e-mail below of March 18, 2008 6:41 AM misrepresents the following "You did not respond to our numerous communications regarding the scheduling of the deposition."

I have previously indicated to you that, as stated in my e-mail below, "I did not receive any prior communication written, oral or otherwise that there was any request or intent to move the date or place of the deposition."

Please identify any letter, any e-mail or any person that will swear that on behalf of Fish & Richardson I was given prior notice of a change in deposition date or time. I received no such communication of any kind. Nothing in your Motion To Compel makes any representation that I was given such prior notice.

Fish & Richardson picked the deposition date without conferring with me and then failed to appear, without any prior notice to me. Further you argue that Fish & Richardson was not at fault. Of course, Fish & Richardson was at fault. I have been required to deal with five or more attorneys and other Fish & Richardson personnel in this matter. Such multiple communications has been burdensome on me and it is obvious that one part of Fish & Richardson does not know what the other parts are doing.

These problems of Fish & Richardson are not my problems. I have fully and unquestionably

complied with everything in the subpoena. The fact that Fish & Richardson did not appear at a deposition noticed by Fish & Richardson does not under any interpretation of the rules or the laws provide grounds for a Motion To Compel.

I again repeat my request that you withdraw your Motion To Compel as clearly unfounded.

I also believe that the court no longer has jurisdiction over this Motion To Compel. The Pennsylvania court under whose authority the subpoena was served has closed the case transferring enumerated matters to a NY court. However, "fact discovery" was not one of the transferred matters and hence all matters related to fact discover terminated when the Pennsylvania court closed the case.

You have admitted your error by offering to pay for my lost time in return for my agreement to sit for a deposition on another date.

In my original communication with Fish & Richardson, I offered to consider entering into an engagement agreement requiring payment of my reasonable retainer of $40,000. Fish & Richardson declined my proposal.

My proposal was based upon my prior experience in connection with my deposition in connection with the very same Chen Patent, U.S. Pat. No. 4,698,672. As you know, the patent has been licensed and asserted in patent litigation for claims amounting to 100's of Millions of Dollars. My prior deposition was taken before more than at least 10 attorneys, as best I remember, locally present and many more connected over remote live video conferencing. I was engaged for such deposition at the request of the owner of U.S. Pat. No. 4,698,672 and such owner entered into and paid a retainer and fees of the type I suggested to Fish & Richardson in this case. However, this case is materially different in that the owner of U.S. Pat. No. 4,698,672 is not a party to the litigation. I do not represent the owner of U.S. Pat. No. 4,698,672. Accordingly, I have no capacity to decide on any matter involving U.S. Pat. No. 4,698,672 and no right to testify without the consent of my former client.

In order for my deposition to be taken at a future time, at a minimum, the following will be required:

1. An agreement entered into between my former client and me providing authorization and consent for me to give a deposition together with waver and indemnification to me regarding any testimony I might give. A formal agreement is required and must be reviewed by me and my attorney. Estimated Cost for my time and my attorney's time to draft and negotiate such an agreement is $12,000. I expect that my former client will similarly charge Fish & Richardson if my former client is even willing to enter into such an agreement.
2. A trade secret agreement will be necessary between Fish & Richardson and me and any person having access to my deposition with waver and indemnification to me regarding any testimony I might give. Estimated Cost for my time and my attorney's time to draft and negotiate such an agreement is $12,000.
3. Reimbursement in the amount of $8500 for the lost time involved in Fish & Richardson's failure to appear at my noticed deposition.
4. Attendance at my deposition of my attorney representing me and prior review of materials and issues that might arise. Estimated cost is $10,000.
5. Review by me of any prior testimony that I deem relevant. Estimated amount $5000.
6. A blanket engagement agreement between Fish & Richardson and me cording all of the

above matters. Estimated Cost for my time and my attorney's time to draft and negotiate such an agreement is $12,000.
7. An attorney at my deposition representing the interest of the owner of U.S. Pat. No. 4,698,672 and to be paid directly by Fish & Richardson.
8. A representation that I will not be required to answer any question not necessary as a matter of law.
9. Any dispute arising from my deposition requiring further legal action shall be paid for by Fish & Richardson.

All of the above are necessary and total at least $59,500. Accordingly, my original engagement agreement proposal and retainer of $40,000 was quite conservative.

If you wish to proceed with my deposition, please forward your check to me in the amount of $40,000 as a non-refundable retainer to be applied against the above matters and others that may become necessary.

**David E. Lovejoy**
Attorney

david.lovejoy@sbcglobal.net

**Phone:** (415) 435-8203    **Address:**
**Fax:** (415) 435-8857          102 Reed Ranch Rd
**Cell:** (415) 999-4442         Tiburon, CA 94920-2025

This e-mail message is confidential, intended only for the named addressee(s) and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under law. If you have received this message in error or are not aware of your authorization to receive it, please destroy all computer and other copies of this message and immediately notify David E. Lovejoy.

This e-mail and attachments is an official copy and will not be followed by a paper copy unless specifically requested.

---

**From:** Christopher Dillon [mailto:CWD@fr.com]
**Sent:** Tuesday, March 18, 2008 6:41 AM
**To:** david.lovejoy@sbcglobal.net
**Cc:** Shelley K. Mack
**Subject:** RE: Pantech

Mr. Lovejoy,

Then we will keep the current date for the motion hearing.  We have previously discussed the other issues.  At the time we moved to compel documents, we were unaware that you no longer retained the documents we seek.  Your prior communications do not state that you have no responsive documents, and you failed to return our numerous communications regarding the subpoena.  In phone calls subsequent to our filing of the motion to compel,

you have represented to me that you do not retain any documents related to your work with Mr. Chen. Obviously, we are not going to seek to compel documents that you no longer retain. With respect to your deposition, you are well aware of our position. You did not respond to our numerous communications regarding the scheduling of the deposition. We were not at fault. As a compromise, however, we would be prepared to pay you for your lost time on February 26, in return for your agreement to sit for a deposition on another date.

As we also discussed, we are not prepared to drop our motion to compel or request for your deposition at this time. Mr. Chen's deposition is scheduled for March 26, 2008, and, as I have told you, it is possible that after his deposition we may decide not to go forward with your deposition. I will contact you after the 26th to let you know. In the meantime, please call me if you have any questions or wish to discuss this matter.

Best regards,

Chris

Christopher Dillon
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
Phone (617) 956-5961
Fax (617) 542-8906
dillon@fr.com

---

**From:** David E. Lovejoy [mailto:david.lovejoy@sbcglobal.net]
**Sent:** Monday, March 17, 2008 7:08 PM
**To:** Christopher Dillon
**Subject:** RE: Pantech

Dear Mr. Dillon,

That date does not work for me. I prefer the date set by the court. I have requested and I hereby again request that you drop the Motion To Compel because, among other reasons and as you know, I have fully complied with all matters in the subpoena, to wit, (i) I have no documents that fall within the definition of the documents requested and (ii) I appeared for my deposition at the time and place identified in the subpoena. No one appeared to take my deposition.

Further, I did not receive any prior communication written, oral or otherwise that there was any request or intent to move the date or place of the deposition. I have read carefully the supporting documentation in the Motion to Compel and nothing therein states either directly or by inference that any written or oral (whether in person or by message on any recording machine) was communicated to me stating that the date and time of the deposition was to be changed or requesting my consent to such a change.

Best regards,


**David E. Lovejoy**
Attorney

david.lovejoy@sbcglobal.net

**Phone:** (415) 435-8203      **Address:**
**Fax:** (415) 435-8857           102 Reed Ranch Rd
**Cell:** (415) 999-4442         Tiburon, CA 94920-2025

This e-mail message is confidential, intended only for the named addressee(s) and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under law. If you have received this message in error or are not aware of your authorization to receive it, please destroy all computer and other copies of this message and immediately notify David E. Lovejoy.

This e-mail and attachments is an official copy and will not be followed by a paper copy unless specifically requested.

---

**From:** Christopher Dillon [mailto:CWD@fr.com]
**Sent:** Monday, March 17, 2008 2:54 PM
**To:** david.lovejoy@sbcglobal.net
**Cc:** Shelley K. Mack
**Subject:** Pantech

Dear Mr. Lovejoy:

As we discussed last week, to allow the parties time to see if we can resolve this dispute without the Court's further involvement and to hopefully save you the costs of preparing a response, we are prepared to move the hearing date back two weeks. We intend to file a motion with the Court tomorrow requesting that the hearing be moved to April 29, 2008. Please let me know if this date does not work for you.

Best regards,

Chris


Christopher Dillon
~ Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110
Phone (617) 956-5961
Fax (617) 542-8906
dillon@fr.com

************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is prohibited.
If you are not the intended recipient, please contact the sender by reply email and destroy
all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including
any attachments) is not intended or written to be used, and cannot be used, for the purpose
of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or

3/24/2008

recommending to another party any transaction or matter addressed herein.

********************************************************************************************

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

U.S. PHILIPS CORPORATION,

        Plaintiff and
        Counterclaim-Defendant,

v.

PANTECH WIRELESS, INC.,

        Defendant and
        Counterclaim-Plaintiff.

Civil Action No. 06-4583-NS

## **WITHDRAWAL OF APPEARANCE**

TO THE CLERK:

        Kindly withdraw the appearance of Michael Forman as counsel for

Defendant/Counterclaim-Plaintiff, Pantech Wireless, Inc. ("Pantech"), in the above-captioned

matter.  Pantech is still represented by the other attorneys of record in this matter.

**FISH & RICHARDSON P.C.**

/s/ Michael Forman
MICHAEL FORMAN
225 Franklin Street
Boston, MA 02110
E-mail: forman@fr.com
Telephone: 617-521-7890
Facsimile: 617-542-8906

L # 708333 v.1

## CERTIFICATE OF SERVICE

I, Michael S. Forman, hereby certify that on the 25th day of February, 2008, the

foregoing Withdrawal of Appearance was electronically filed via this Court's ECF filing system

and electronically served the foregoing Entry of Appearance on the following via ECF:

Alan M. Grimaldi     Attorneys for Plaintiff
Brian Rosenthal      U.S. PHILIPS CORPORATION
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004


Patrick W. Kittredge     Attorney for Plaintiff
Kittredge Donley Elson Fullem & Embick U.S. PHILIPS CORPORATION
LLP
400 Market St.
Suite 200
Philadelphia, PA 19106-2513



/s/ Michael S. Forman
Michael S. Forman

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. PHILIPS CORPORATION, )<br><br>Plaintiff and )<br>Counterclaim-Defendant, )<br><br>    v. )<br><br>PANTECH WIRELESS, INC., )<br><br>Defendant )<br>and Counterclaim-Plaintiff. ) | Civil Action No. 06-4583-NS |

## ORDER

**AND NOW,** this _11_ day of _January, 2007,_ upon consideration of the parties' joint request for a rescheduling of the Markman Hearing, it is **ORDERED** that:

1. The Markman Hearing, previously scheduled for November 30, 2007, will be held on January 31, 2008 at 10:00 AM in Courtroom 10-A.

2. Paragraphs 14-22 of this Court's Scheduling Order dated March 27, 2007, as amended by this Court's Order dated November 16, 2007, are amended to read:

> 14. The final day for fact discovery is **February 29, 2008**.
>
> 15. Plaintiff shall designate expert witnesses as to infringement, and defendant shall designate expert witnesses as to invalidity and/or other defenses, on or before **March 7, 2008**; the expert reports are due that date.
>
> 16. The parties shall designate responsive expert witnesses on or before **April 1, 2008**; rebuttal expert witness reports are due that date.
>
> 17. The final day for expert discovery, subject to the limitations imposed at the Rule 16 conference, is **May 9, 2008**.
>
> 18. Pretrial memoranda in accordance with Fed.R.Civ.P. 26 as amended, Local Rule 16.1(c), and the rules of this judge as stated in the Handbook of Pre-Trial and Trial Practices and Procedures of the United States District Court for the Eastern District of Pennsylvania (available from the Clerk of Court or the Philadelphia Bar Association or on-line at

www.paed.uscourts.gov under Judge Shapiro's procedures) shall be filed as follows:

>Plaintiff – on or before **May 27, 2008**.
>Defendant – on or before **June 16, 2008**.

Plaintiff shall propose stipulated facts in numbered paragraphs. Defendant shall state agreement or disagreement with each of plaintiff's proposed stipulated facts and may counter-propose stipulated facts in numbered paragraphs to which plaintiff is obligated to respond prior to the final pretrial conference.

All witnesses as to liability and damages should be listed. Expert witnesses must be separately listed. Only listed witnesses may testify at trial except by leave of court. Any party who intends to use deposition testimony at trial must submit deposition designations, counter-designations and objections in the final pretrial memorandum.

If it is believed that any additional discovery is necessary, it must be specifically requested, with the justification stated, in the pretrial memorandum. Any other pretrial or trial matter requiring attention of the judge prior to trial, including but not limited to subjects for consideration at pretrial conferences listed in Fed.R.Civ.P. 16(c)(1-16), shall be specifically addressed in the final pretrial memorandum.

19. Exhibits shall be submitted to chambers with the final pretrial memoranda. In accordance with Fed.R.Civ.P. 26(a)(3), listed exhibits shall be numbered and **premarked** for use at trial; no exhibits shall be listed unless they are already in the possession of opposing counsel. **Only listed exhibits may be used in the party's case-in-chief** except by leave of court.

20. **Expert reports** in accordance with Fed.R.Civ.P. 26(a)(2) **shall be due to the court for each party on or before the due date of that party's pretrial memorandum**. If the opposing party wishes to depose an expert, the deposition shall be taken before the final pre-trial conference, unless otherwise ordered by the court. An expert's testimony at trial shall be limited to the information provided to the court by the due date of a party's pretrial memorandum.

21. The parties may file motions for summary judgment only with permission of the court. **<u>Any motions for summary judgment or other pretrial motions must be filed on or before the due date of the moving party's pretrial memorandum.</u>** Defendant's responses to plaintiff's pretrial motions, if any, are due on or before **June 16, 2008.** Plaintiff's responses to defendant's pretrial motions, if any, are due on or before **July 7, 2008**.

2

No reply is contemplated. Oral argument on all motions will be heard at the final pretrial conference.

22.   The final pretrial conference will be scheduled for **July 2008**. A specific date and time will be provided in a future order. Trial counsel must attend. It is the responsibility of any trial counsel who cannot attend to contact the court as soon as any conflict becomes known so the court may consider rescheduling the conference. **Unless the court has otherwise granted permission, whoever attends the final pretrial conference will try the case.**

   **In addition to each trial counsel, the plaintiff and a representative of the defendant with <u>full authority</u> to settle the case shall attend. In the case of defendant, a representative from defendant's insurance carriers, if any, shall also attend; both shall have the requisite settlement authority. Telephone availability is not acceptable unless leave of court has been granted. Failure to comply with this order may result in SANCTIONS in accordance with the Federal Rules of Civil Procedure.**

23.   On or before the date of trial, the parties shall submit points for charge and may <u>submit proposed voir dire questions or jury interrogatories, preferably on a computer disk</u>.

Norma L. Shapiro, S.J.

3