Shelley K. Mack (SBN 209596, mack@fr.com)
Limin Zheng (SBN 226875, zheng@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant and Counter-Claimant
PANTECH WIRELESS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. PHILLIPS CORPORATION,<br><br>    Plaintiff and Counter- Claim Defendant,<br><br>v.<br><br>PANTECH WIRELESS, INC,<br><br>    Defendant and Counter- Claimant. | Case No. CV-08-80026 JSW (EDL)<br><br>**PANTECH WIRELESS INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**<br><br>Date:     April 15, 2008<br>Time:    9:00 a.m.<br>Place:    Courtroom E, 15th Floor<br>Judge:   The Hon. Elizabeth D. Laporte<br><br>**Underlying Action: U.S.D.C - S.D.N.Y. - Case No. 1:08-cv-2526 (BSJ) (formerly U.S.D.C. E.D. Pa. 06-4583 (NLS))** |

Since Pantech filed its motion to compel, the parties have narrowed the disputed issues, and the only issue remaining for the Court to decide is whether Mr. Lovejoy should be required to submit to a deposition.[1] Because he has testimony that Pantech is unable to obtain from any other source, and because none of his stated objections excuse him from providing this relevant

---

[1] Pantech originally sought documents from Mr. Lovejoy. Based on Mr. Lovejoy's objections to the subpoena, Pantech believed in good faith that Mr. Lovejoy had responsive documents but was withholding them on the basis of his stated objections. Since the filing of this motion. Mr. Lovejoy has represented (and now filed a declaration with the Court stating) that he does not have any responsive documents. Prior to the filing of his opposition, Pantech informed Mr. Lovejoy that it did not intend to compel documents that Mr. Lovejoy stated he did not have. (Lovejoy Decl., Ex. C.) Accordingly, those sections of Mr. Lovejoy's opposition regarding the production of documents are now moot.

testimony, the Court should require Mr. Lovejoy to sit for a deposition at a mutually convenient time within two weeks of the April 15, 2008, hearing on this motion.[2]

### I.  MR. LOVEJOY DOES NOT DISPUTE THAT HIS TESTIMONY IS RELEVANT.

Pantech's arguments in its original memorandum regarding the relevance of the information sought by the subpoena and the burden on Mr. Lovejoy are unrebutted. (Mot. at 5.) As set forth in Pantech's motion, Mr. Lovejoy was the prosecuting attorney for a patent that is prior art to the patent at issue in the underlying action. (Mot. at 2-3.) His testimony is relevant to corroborate the testimony of the inventor Dr. Wen-Hsiung Chen, (Mot. at 5.) who was deposed on March 26, 2008. There are no parties to the underlying action who can provide this testimony.

As set forth in Pantech's motion, any burden to Mr. Lovejoy in sitting for a deposition is outweighed by the value of his unique testimony. (Mot. at 6-7.) Mr. Lovejoy's opposition does not address this point. Given the potential dispositive nature of his testimony versus the burden of sitting for a one-day deposition, the Court should grant Pantech's motion.

### II.  MR. LOVEJOY HAS NOT ALREADY COMPLIED WITH THE SUBPOENA.

Mr. Lovejoy has not complied with the subpoena because he has not testified. Mr. Lovejoy asserts that he has already complied with the subpoena by objecting to producing documents and unexpectedly showing up at the time and place listed on the original subpoena; however, his unexpected appearance does not excuse him from providing testimony. As set forth in Pantech's motion, Mr. Lovejoy failed to respond to Pantech's numerous e-mails and voicemails regarding the scheduling of his deposition. Mr. Lovejoy's opposition does not explain why he did not respond to these e-mails and voicemail messages.

Pantech's subpoena sought the production of documents before the deposition, so that Pantech could review those documents in advance of the deposition. (Forman Decl., at ¶ 16.) Mr. Lovejoy objected to the subpoena and did not produce any documents. Pantech then made

---

[2] The relevant facts are set forth in Pantech's original memorandum and the accompanying declarations of Michael S. Forman (Exhibits 1-8) ("Forman Decl.") and Eric J. Keller (Exhibit 9) ("Keller Decl.").

numerous attempts to contact and confer with Mr. Lovejoy regarding his failure to produce and to schedule the deposition. (Described below and in Forman Decl., at ¶¶ 8-17; Exs. 4, 6.) By February 26, 2008, the originally noticed date of the deposition, the only communications Pantech received from Mr. Lovejoy regarding the subpoena were his letter objecting to the subpoena (which he sent to the wrong office and did not address to Mr. Michael Forman) and an email referring to the same objections. (Forman Decl., at ¶¶ 5-14; Exs. 5, 7.) These communications did not state that Mr. Lovejoy did not possess any responsive documents nor did they state that Mr. Lovejoy intended to show up at Fish & Richardson's offices on February 26, 2008. (*See* Forman Decl., Exs. 5, 7.) Based on his stated (and unresolved) objections to the subpoena, and his unresponsiveness to the numerous calls and e-mails regarding the scheduling of his deposition, it did not occur to Pantech that Mr. Lovejoy might think the deposition would go forward on the date listed on the subpoena to which he had objected.

Although Pantech believes the totality of the circumstances show that Mr. Lovejoy is at fault for any miscommunication that may have occurred regarding the scheduling of his deposition, in the interest of moving forward, Pantech has offered to compensate Mr. Lovejoy's reasonable expenses related to his travel to Fish & Richardson's office on February 26, in return for his agreement to sit for a deposition on another date. (Lovejoy Decl., Ex. C.) Mr. Lovejoy has refused this offer. (*Id*.) Pantech is still prepared to compensate Mr. Lovejoy's reasonable expenses to resolve this matter. Denying Pantech access to information highly relevant to its defense, as Mr. Lovejoy's opposition suggests, is not an appropriate resolution.

### III. MR. LOVEJOY'S OTHER STATED REASONS FOR NOT COMPLYING WITH THE SUBPOENA ARE WITHOUT MERIT.

Mr. Lovejoy has raised a number of ancillary issues in his opposition to Pantech's motion to compel, none of which justifies withholding relevant testimony.

#### 1. This Court Continues to Have Jurisdiction Over the Subpoena.

This Court has jurisdiction over the subpoena of Mr. Lovejoy under Rule 45 of the Federal Rules of Civil Procedure. Rule 45(a)(2)(B) specifies that a subpoena must issue "for attendance at

1  a deposition, from the court for the district where the deposition is to be taken." The deposition is
2  to be taken in Redwood City, California, which is within this Court's jurisdiction. (Forman Decl.,
3  Ex. 2.) Under Rule 45(e) the issuing court has the power to enforce the subpoena.
4      Mr. Lovejoy asserts that the subpoena is invalid because the underlying action was
5  transferred from the Eastern District of Pennsylvania to the Southern District of New York, after
6  the subpoena was issued and the motion to compel was filed. Mr. Lovejoy cites no authority –
7  and Pantech is aware of none – for the proposition that a transfer of the underlying action from one
8  Federal District Court to another destroys the jurisdiction of the court that issued a subpoena to
9  decide a motion to compel. The underlying action was transferred and continues before Judge
10 Barbara Jones, and Mr. Lovejoy's testimony remains relevant to that action.[3]

### 2. Pantech Has Given Sufficient Notice to Mr. Lovejoy of the Motion to Compel and Has Sought to Meet and Confer on Numerous Occasions Before Filing the Motion.

14     Mr. Lovejoy's objection to the subpoena allowed Pantech to move to compel upon notice.
15 Rule 45(c)(2)(B) states that where an objection to a command to produce documents is made, "at
16 any time, on notice to the commanded person, the serving party may move the issuing court for an
17 order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i). Mr. Lovejoy objected
18 to the subpoena in his letter dated February 19, 2008. (Forman Decl., Ex. 7.) Pantech sent Mr.
19 Lovejoy a letter on February 26, 2008, by email, fax, and Federal Express, putting Mr. Lovejoy on
20 notice of Pantech's intention to file a motion to compel. (Forman Decl., Ex. 8.) Pantech also
21 served the motion to compel on Mr. Lovejoy on February 29, 2008, the day the motion was filed.
22     Further, Pantech sought to meet and confer with Mr. Lovejoy regarding the subpoena on
23 numerous occasions before filing the motion to compel, and Mr. Lovejoy refused to confer. The
24 letter of February 26, 2008, was just the last in a long sequence of attempts by Pantech's attorney,
25 Michael S. Forman, to meet and confer regarding the subpoena. After not receiving any

---

[3] The case was transferred by an order signed by Judge Norma Shapiro, entered by the Court on March 3, 2008, and served on the parties on March 3, 2008. (*U.S. Philips Corporation v. Pantech Wireless, Inc.*, E.D. Pa., 06-4583, Docket No. 75.)

1  documents or correspondence from Mr. Lovejoy by February 19, 2008, Michael Forman began
2  leaving voicemail messages for Mr. Lovejoy on both his cell phone and office phone to discuss
3  both the production of documents and the deposition sought pursuant to the subpoena. (Forman
4  Decl., at ¶ 10.) Mr. Lovejoy never returned any of these phone calls. (*Id*.) On February 21,
5  2008, Mr. Forman sent a letter to Mr. Lovejoy inquiring about his failure to produce documents or
6  otherwise respond to the subpoena. (*Id.* at ¶ 11; Ex. 4.) On February 22, 2008, Mr. Forman
7  received an email from Mr. Lovejoy stating only: "[s]ee objection letter sent to Redwood City
8  office." (*Id.* at ¶ 12; Ex. 5.) On February 25, 2008, Mr. Forman sent Mr. Lovejoy a letter asking
9  Lovejoy to return Michael Forman's phone calls and for a copy of the objection letter to be sent to
10 Mr. Forman's attention at the Boston office of Fish & Richardson. (*Id.* at ¶ 13; Ex. 6.) Mr.
11 Lovejoy met neither of these requests. (*Id*.) Finally, on February 26, 2008, Mr. Forman sent Mr.
12 Lovejoy a letter asking him again to contact an attorney for Pantech by close of business on
13 February 27, 2008, to discuss his failure to comply with the subpoena and indicating that Pantech
14 would file a motion to compel if he failed to do so. (*Id.* at ¶ 12; Ex. 5.) On February 29, 2008,
15 Pantech filed its motion to compel.

16 **3. Pantech Should Not Be Required To Pay Mr. Lovejoy $59,500 To Secure His Testimony As A Fact Witness.**
17

18 Mr. Lovejoy is a fact witness. He is being asked to sit for a deposition that will take less
19 than seven hours. There is no need for Mr. Lovejoy to perform the work he outlines in Paragraph
20 15 of his declaration. There is no need to draft a trade secret agreement, as there is a protective
21 order in the case (a copy of which has been provided to Mr. Lovejoy). There is no reason to enter
22 into an engagement with Fish & Richardson or a waiver and indemnification agreement with his
23 former client. Similarly, if Mr. Lovejoy wishes representation at his deposition or to review his
24 prior testimony he may do so; however, he cites no authority for the proposition that Pantech is
25 obligated to pay for any of the activities in Paragraph 15 – and Pantech is aware of none.
26 Mr. Lovejoy is a fact witness who has relevant testimony to the underlying dispute. His
27 burden in complying with the subpoena is the same as any other fact witness, and he has already
28

spent far more time, money, and energy opposing this deposition, than he would have spent if he had simply complied with the subpoena.  Mr. Lovejoy's testimony is unique and cannot be obtained from another source.

## CONCLUSION

For the foregoing reasons and those set forth in Pantech's motion to compel, Pantech respectfully requests that the Court compel Mr. Lovejoy to appear for a deposition within two weeks of April 15, 2008 at a date and time to be agreed upon by counsel for Pantech and Mr. Lovejoy.

Respectfully submitted,

Dated:  April 1, 2008                FISH & RICHARDSON P.C.


By:  */s/ Limin Zheng*
      Limin Zheng

Attorneys for Defendant/Counter-Claimant
PANTECH WIRELESS, INC.

# PROOF OF SERVICE

I am employed in the County of San Mateo. My business address is Fish & Richardson P.C., 500 Arguello Street, Suite 500, Redwood City, California 94063. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 1, 2008, I caused a copy of the following document(s):

**PANTECH WIRELESS INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Alan M. Grimaldi<br>Brian Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>Telephone: (202) 783-0800<br>Facsimile: (202) 383-6610 | Attorneys for Plaintiff/Counter-Defendant<br>U.S. PHILLIPS CORPORATION, |
| Patrick W. Kittredge<br>KITTREDGE DONLEY ELSON FULLEM<br>& EMBICK LLP<br>400 Market St., Suite 200<br>Philadelphia, PA 19106-2513<br>Telephone: (215) 829-9900<br>Facsimile: (215) 829-9888 | Attorneys for Plaintiff/Counter-Defendant<br>U.S. PHILLIPS CORPORATION |

[X] **MAIL:** The document was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on April 1, 2008, at Redwood City, California.

Christie Horsley

50468092.doc